768 So.2d 866 (2000)
Nelson Nadine WILLIAMS, Plaintiff-Appellant,
v.
JACKSON PARISH HOSPITAL, Defendant-Appellee.
No. 33,847-CA.
Court of Appeal of Louisiana, Second Circuit.
October 20, 2000.
*867 John L. Hammons, Shreveport, Annis C. Flournoy, Counsel for Appellant.
Phillip C. Wilkinson, Jr., Counsel for Appellee.
Richard P. Ieyoub, Attorney General, J. Elliott Baker, Assistant Attorney General, Counsel for Intervenor.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, J.
In this medical malpractice action, the plaintiff, Nelson Nadine Williams, appeals a district court judgment denying her challenge to the constitutionality of LSA-R.S. 9:5628. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 29, 1980, the plaintiff, Nelson Nadine Williams, was hospitalized at the Jackson Parish Hospital where she received five units of blood during childbirth. On July 19, 1996, the plaintiff was diagnosed with Hepatitis C.
The plaintiff commenced a civil action against the defendants, Jackson Parish Hospital and Lifeshare Blood Centers, by filing a claim with the Patient Compensation Fund ("PCF") on April 17, 1997. The PCF notified the plaintiff that Jackson Parish Hospital was a qualified health care provider, but that the blood provider, Lifeshare Blood Centers, was not qualified and that the plaintiff had until June 30, 1997 to file suit against the blood provider.
On June 27, 1997, the plaintiff filed suit against Lifeshare Blood Centers and Jackson Parish Hospital alleging that she contracted Hepatitis C in 1980, when she was given a blood transfusion during childbirth. W.E. & Lela I. Stewart Blood Center d/b/a Stewart Regional Blood Center was included as a defendant by a third party demand filed by Lifeshare Blood Centers. The Attorney General was included in the action because the plaintiff attacked the constitutionality of the three-year prescriptive period of LSA-R.S. 9:5628.
Thereafter, exceptions of prescription were filed by each defendant. After a hearing, the district court concluded that the plaintiff had filed her claim within one year of the date of discovery of her cause of action, and, thereby overruled the exception based upon the one-year rule. However, the court concluded that the plaintiff's claim was prescribed pursuant to the three-year rule of LSA-R.S. 9:5628.[1]
In regard to the defendant, Jackson Parish Hospital, the district court reasoned that the statute does not allow for the situation faced by the plaintiff, and that "there was absolutely no way for plaintiff to comply with the three-year prescriptive period of LSA-R.S. 9:5628 ... because:
The disease of Hepatitis C was not specifically identified until 1989, nine years later;
The disease identifying test (PCR) was not developed until 1993 or 1994, thirteen to fourteen years later;
The disease itself takes thirteen to fourteen years to develop symptoms from the date of infection and up to twenty years to develop into the disease of Hepatitis C cirrhosis of the liver."
Nevertheless, the district court concluded that the statute fixes the prescriptive period of three years from the date of action, omission or neglect in patient care that caused the plaintiff's injuries, and that the plaintiff filed her action three years after *868 the date of the action. On the basis of the prescriptive period fixed in LSA-R.S. 9:5628, the trial court found that the plaintiff's claim was prescribed and sustained Jackson Parish Hospital's exception of prescription. The district court pretermitted a decision on the constitutionality of the statute.
On April 9, 1998, the plaintiff filed a Motion for Devolutive Appeal of the judgment rendered in favor of Jackson Parish Hospital. Applications for supervisory writs were submitted to this court by Lifeshare Blood Centers and Stewart Regional Blood Center. On July 16, 1998, this court granted the writ applications, converted the appeal and the answer to the appeal to a writ application, and consolidated the various applications.
On January 13, 1999, this court affirmed the district court's ruling on the prescription issues and remanded the case to the district court for an evidentiary hearing on the constitutionality of the statute.[2]Williams v. Jackson Parish Hospital, 31,492 (La.App.2d Cir.1/13/99), 729 So.2d 620. On January 25, 1999, the plaintiff filed a petition for declaratory judgment, challenging the constitutionality of the three-year prescriptive period set forth in LSA-R.S. 9:5628. After a hearing, the district court declined to declare the statute unconstitutional.[3] The plaintiff now appeals.

DISCUSSION
The plaintiff challenges the correctness of the district court's ruling declining to declare LSA-R.S. 9:5628 unconstitutional. She contends Section 5628 violates LSA-Const. Art. 1, §§ 3, 22, on the basis that its application deprives her of due process of law and access to the courts, and unfairly discriminates against her on the basis of physical condition.
Our supreme court has considered and upheld the constitutionality of LSA-R.S. 9:5628 when challenged on these grounds in Crier v. Whitecloud, on rehearing, 496 So.2d 305 (La.1986). Subsequently, in Whitnell v. Silverman, 95-0112 (La.12/06/96), 686 So.2d 23, the court declined to overrule its earlier decision in Crier.
We are compelled to follow the dictates of our supreme court. Therefore, the trial court properly dismissed the plaintiff's contentions of unconstitutionality on the above-stated grounds. This assignment of error lacks merit.
By her second assignment of error, the plaintiff contends that the disparity between the definitions of "malpractice" in the state and private medical malpractice acts violates her constitutional guarantee of equal protection and due process. She contends there are different rules of prescription based on whether the blood transfusions were performed in a public or private hospital. Plaintiff argues that the resulting discrimination between classes of Hepatitis C victims based exclusively upon the site of the blood transfusion is clearly violative of both the equal protection and due process clauses of our state constitution.
As stated above, we remanded this case to the district court for an evidentiary hearing on whether LSA-R.S. 9:5628 is unconstitutional as it relates to Jackson Parish Hospital. Twelve days later, plaintiff filed a petition for declaratory judgment in the district court specifically challenging the constitutionality of the statute based on its application to Hepatitis C, which is a disease with a latency period of greater than three years. At no time did the plaintiff file pleadings challenging the constitutionality of the statute on the grounds now asserted by her second assignment of error.
*869 As we stated in our first opinion: (1) the plea of unconstitutionality must first be made in the trial court; (2) the plea of unconstitutionality must be specifically pleaded; and (3) the grounds outlining the basis of unconstitutionality must be particularized. Williams v. Jackson Parish Hospital, supra, citing Vallo v. Gayle Oil Co., 646 So.2d 859 (La.1994).
In the instant case, the record reveals that the plaintiff failed to meet all of the jurisprudential requirements. Although the district court considered this particular ground in its "Reasons for Judgment," there is nothing in the record to show that this ground was presented to the district court in a civil pleading. See, Williams v. State Dept. of Health and Hospitals, 671 So.2d 899 (La.1996). Therefore, the district court erred in considering plaintiff's additional ground for challenging the statute.
Since plaintiff failed to comply with the procedural requirements necessary to challenge the constitutionality of the statute, i.e., to specifically plead with particularity her claims of unconstitutionality, we hereby dismiss her additional claim as not properly before this court. Boutte v. Jefferson Parish Hosp. Serv., 99-2402 (La.4/11/2000), 759 So.2d 45; Vallo v. Gayle Oil Co., supra.

CONCLUSION
The district court's judgment denying the plaintiff's challenge to the constitutionality of the statute is affirmed. Plaintiff's case is dismissed at her costs.
AFFIRMED.
BROWN, J., dissents with written reasons.
BROWN, J., Dissenting,
The supreme court case of Whitnell v. Silverman is clearly distinguishable from the present case. In Whitnell, the court found La. R.S. 9:5628 constitutional as applied to Mrs. Whitnell because "the symptoms of (her) condition were manifested long before the expiration of the statutory three-year prescriptive period." Hepatitis C, however, has a latency period far in excess of three years. In fact, Mrs. Williams did not develop any symptoms until 13 years after the offending blood transfusion. As applied to Mrs. Williams, La. R.S. 9:5628 is unconstitutional. Her cause of action cannot be preempted before it arises. Mrs. Williams clearly fits within a class of individuals disadvantaged by the statute.
Reliance on Crier, supra, a 1986 case, is misplaced. Crier involved allegations of a defective Harrington rod and the improper implantation of the rod in plaintiff's back. Crier does not apply to an insidious disease that does not develop until many years after the causative act. The court in Crier found that La. R.S. 9:5628 did not discriminate, as it affected equally every person who seeks medical treatment. Obviously, in cases of Hepatitis C, this provision does not treat everyone equally.
Further, the issue of disparity between the state and private malpractice acts concerning the peremptive three-year period is properly before this court as a violation of constitutional equal protection.
NOTES
[1] On March 5, 1998, the plaintiff filed a Motion for New Trial/Reconsideration as to the trial court's ruling in favor of Lifeshare Blood Centers and Stewart Regional Blood Center on the three-year prescription issue. The trial court reversed its earlier ruling, holding that LSA-R.S. 9:5628 did not apply to the two defendants, Lifeshare Blood Centers and Stewart Regional Blood Center, and that the plaintiff's claims against these defendants had not prescribed under either the one-year or three-year periods. The trial court further found that because the doctor's written communications to the plaintiff on March 22, 1995 indicated normal blood tests, the plaintiff did not have notice of Hepatitis C in March 1995.
[2] We further amended the judgment of dismissal against plaintiff in favor of Jackson Parish Hospital to a dismissal without prejudice.
[3] The district court also denied various motions filed by the defendants; however, the correctness of those rulings is not before this court.