778 So.2d 1205 (2001)
John S. TRAHAN, et ux.
v.
OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
No. 00 1140.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*1206 Jeffery F. Speer, Julian Louis Gibbens III, Doucet & Speer, Lafayette, LA, Counsel for Plaintiff-Appellant, John S. Trahan and Belinda D. Trahan.
Peter T. Dazzio, Chris James LeBlanc, Watson, Blanche, Wilson, etc., Baton Rouge, LA, Counsel for Defendant/Appellee, Our Lady of Lourdes Regional Medical Center, Inc.
Court composed of Chief Judge DOUCET, Judges SULLIVAN and GREMILLION.
GREMILLION, Judge.
In this case, the plaintiffs, John and Belinda Trahan, appeal the judgment in favor of the defendant, Our Lady of Lourdes Regional Medical Center (Medical *1207 Center), granting its exception of prescription. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case are not in dispute. The Trahans filed a complaint with the Louisiana Patient Compensation Fund against Medical Center on October 30, 1996, claiming that it was negligent in failing to screen and, thereafter, in transfusing Hepatitis C infected blood to John during surgery following a motorcycle accident in January 1987. The medical review panel rendered its opinion in December 1998, stating that there was insufficient evidence to support a finding that Medical Center breached the standard of care because it had performed all of the tests available and appropriate at the time and that the tests results were normal. Thereafter, on March 26, 1999, the Trahans filed a medical malpractice action against Medical Center alleging negligence and that La.R.S. 9:5628 was unconstitutional as it applied to John because it deprived him of a cause of action before he could possibly know of its existence. Medical Center filed an exception of prescription arguing that the Trahans' complaint was prescribed on its face. Following arguments on the exception and the constitutionality of La.R.S. 9:5628, the trial court held that the Trahans' suit had prescribed and that La. R.S. 9:5628 was constitutional as it applied to John. The Trahans then timely instituted this appeal.

LAW
Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).

DISCUSSION
John first became aware that he had the Hepatitis C infection in early November 1995 by a letter informing him of the condition that was written by the medical director of the Blood Center of Southwest Texas on October 30, 1995. Thereafter, John's family doctor referred him to another doctor who rendered a written report in May 1999, concluding that the Hepatitis C infection resulted from the blood transfusion in 1987. John was asymptomatic when the discovery was made.
On appeal, the Trahans assign as error the trial court's finding that La.R.S. 9:5628 is constitutional as applied to John because it unreasonably discriminated against him based on his physical condition. They argue that the statute's application to John is an unconstitutional violation of the equal protection clause of both the Louisiana and United States Constitutions because he could not have discovered that he was infected with the virus due to its latency period, and that La.R.S. 9:5628 creates a classification that deprives a person suffering from a disease with a latency period exceeding three years from pursuing a cause of action.
A tort action alleging a health care provider's responsibility for defects in blood falls within the definition of medical malpractice. See La.R.S. 40:1299.41(A)(8). The legislature has set forth the prescriptive period for medical malpractice actions in La.R.S. 9:5628(A) (emphasis added), which reads in part:
No action for damages for injury or death against any ... hospital duly licensed under the laws of this state ... whether based upon tort, or breach of *1208 contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Additionally, the supreme court has repeatedly held that the contra non valentum exception to prescription found in the discovery rule is inapplicable in medical malpractice claims.[1]Boutte v. Jefferson Parish Hosp. Serv. Dist. No. 1, 99-2402 (La. 4/11/00); 759 So.2d 45; Crier v. Whitecloud, 496 So.2d 305 (La.1986). It is unfortunate, but true, that the Trahans' complaint was filed more than nine years after John's treatment at Medical Center. Thus, the Trahans' claim is prescribed on its face based on the foregoing statute.
The Trahans argue that the statute is unconstitutional because it violates equal protection principles as it unfairly discriminates against persons based on their physical condition. While we agree that the statute's application in this case leads to a harsh result, we are constrained to follow the jurisprudence set forth in this state by our supreme court. Thus, we must find that La.R.S. 9:5628 does not violate the equal protection clause of the Louisiana or United States Constitutions. The supreme court has held that the equal protection clause is not implicated because La.R.S. 9:5628 does not create a classification discriminating against persons based on their physical condition. Id. Rather, the court has found that the statute equally affects persons undergoing medical treatment and that it is "merely a legislative determination that three years is a reasonable period of time in which to assert a medical malpractice claim." Id. at 311. Thus, in order to challenge the constitutionality of the statute, a plaintiff must prove that it furthers no state interest. Id. After examining the record, we are unable to find any evidence offered by the Trahans that the statute does not further an appropriate state interest or is not rationally related to a reasonable state interest, thus, La.R.S. 9:5628 is presumed constitutional under the equal protection clause of both the Louisiana and United States Constitutions.
Moreover, the supreme court has consistently held that it is within the province of the legislature to formulate statutes of limitation and to determine that no cause of action exists after the passage of a certain amount of time. Id. Additionally, the supreme court has found that the state's purpose in enacting La.R.S. 9:5628 was to alleviate a "medical malpractice insurance crisis" due to overwhelming claims causing substantial premium increases. Id. at 309. Thus, the three-year peremptive period for filing a medical malpractice action in La.R.S. 9:5628 was intended to alleviate increasing insurance costs that were blamed on the extended period in which a medical malpractice claim could be filed. Id. Furthermore, the court has held that the statute is rationally related to the state's interest in securing reasonable medical costs and in providing readily available health care. Id.
In Crier, 496 So.2d at 311, the court held that a remand to the trial court to allow the plaintiff the opportunity to meet her evidentiary burden would be useless because of the "minimal level of scrutiny involved and the apparent state interest furthered by the statute." Thus, based on the Trahans' failure to present any evidence that the statute does not further a reasonable state interest or is rationally related to a state interest and the minimal level of scrutiny set forth by the supreme court, we find that the exception of prescription was properly granted.
*1209 The Trahans urge that the supreme court left open the question of whether the application of La.R.S. 9:5628 to persons having diseases with latency periods in excess of three years is constitutional in Whitnell v. Silverman, 95-0112, 95-0259 (La. 12/6/96); 686 So.2d 23. In a footnote, the supreme court stated: "This ruling by the Court does not address the constitutionality of La.R.S. 9:5628 as it applies to individuals with diseases that have latency periods in excess of three years. The court has basically declined to decide on this issue because it is not presently before it." Id. at 29, n. 13. However, the supreme court specifically refused to overrule its earlier decision in Crier. Id.
Moreover, our colleagues in the fourth circuit have upheld La.R.S. 9:5628 in factual circumstances identical or similar to those in the present case where the plaintiff contracted a disease with a latency period exceeding three years. In In re Brown, 97-2803 (La.App. 4 Cir. 7/1/98); 715 So.2d 1249, writ denied, 98-2020 (La.11/6/98); 728 So.2d 390, cert. denied, 526 U.S. 1050, 119 S.Ct. 1356, 143 L.Ed.2d 518 (1999), the plaintiffs filed suit against Charity Hospital in New Orleans on behalf of their daughter who, at seventeen months-of-age, had a mass removed from her right breast in July 1985. When the child reached puberty in 1994 it was discovered that her right breast was not developing due to the surgical removal of her breast tissue in 1985. The plaintiffs filed suit in May 1994. The court held that the plaintiffs' claim had prescribed in accordance with La.R.S. 9:5628. The plaintiffs raised the same argument urged by the Trahans: that the application of La.R.S. 9:5628 was unconstitutional as it applied to the child because it discriminated against her based on a physical condition that she could not have known of due to the latency period exceeding three years. The court recognized the supreme court's footnote in Whitnell, but held that Crier dictated the dismissal of the plaintiffs' claim.
Again, in Neal v. Pendleton Memorial Methodist Hospital, 99-40 (La.App. 4 Cir. 4/21/99); 733 So.2d 698, the fourth circuit addressed the constitutionality of La.R.S. 9:5628. In Neal, the plaintiff alleged that she contracted Hepatitis C in 1981 from a blood transfusion. She filed her complaint with the Patient Compensation Fund in November 1996. The fourth circuit rejected the trial court's finding that the plaintiff's action had not prescribed. The court felt bound by the Crier decision, noting that the supreme court has yet to address the constitutionality of La.R.S. 9:5628 as applied to persons suffering from diseases with latency periods exceeding three years. Thus, the exception of prescription was sustained.
We agree with the decisions set forth by our colleagues in the fourth circuit and feel constrained to follow the dictates set forth in Crier until such time as the supreme court of this state rules otherwise. Therefore, we find the exception of prescription was properly granted.

CONCLUSION
The judgment sustaining the exception of prescription in favor of the defendant, Our Lady of Lourdes Regional Medical Center, is affirmed as the Trahans failed to meet their evidentiary burden in challenging the constitutionality of La.R.S. 9:5628 because they did not offer any evidence that the statute furthers no state interest or is not rationally related to the state's interest, and the statute's application is not unconstitutional as dictated by the jurisprudence set forth by the courts of this state. Costs of this appeal are assessed against the plaintiffs-appellants, John and Belinda Trahan.
AFFIRMED.
NOTES
[1] This exception precludes the running of prescription against a party unable to act.