902 So.2d 1228 (2005)
Aiko WALKER, et al., Plaintiffs-Appellants
v.
BOSSIER MEDICAL CENTER, Defendant-Appellee.
No. 38,148-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1230 John L. Hammons, Shreveport, Annis C. Flournoy, for Appellants.
Rene' J. Pfefferle, Baton Rouge, for Appellee, Bossier Medical Center.
Cynthia C. Anderson, Joseph S. Woodley, Shreveport, for Appellee, Lifeshare Blood Centers.
*1231 Department of Justice, Richard P. Ieyoub, Attorney General, for Appellee, State of Louisiana.
Merrick J. Norman, Jr., John E. Baker, Assistant Attorney Generals.
Before BROWN, WILLIAMS, STEWART, GASKINS, PEATROSS, DREW, MOORE, LOLLEY, and SEXTON (ad hoc), JJ.

*1229 On Remand
WILLIAMS, Judge.
This case is again before this court upon remand from the Louisiana Supreme Court for an en banc hearing. The plaintiffs, Aiko Walker and Paul Walker, appeal a judgment in favor of the defendant, Bossier Medical Center ("Bossier Medical"). The district court granted the defendant's exception of prescription, finding that the three-year prescriptive period of LSA-R.S. 9:5628 was constitutional and that plaintiffs' claim for damages resulting from a blood transfusion had prescribed. For the following reasons, we affirm.

FACTS
In January 1981, Aiko Walker was hospitalized for surgery at Bossier Medical, where she received a blood transfusion. More than a decade later, in February 1992, Walker was diagnosed by her doctors with Hepatitis C as a result of the 1981 blood transfusion. Thereafter, on January 23, 1993, Walker filed a request for a review of her claim by a medical review panel. After an adverse opinion was issued, the plaintiffs, Aiko and Paul Walker, filed a petition for damages against the defendant, Bossier Medical, alleging that it was strictly liable for the harm caused by Walker's receipt of a transfusion of defective blood. The plaintiffs amended their petition, naming as additional defendants Lifeshare Blood Center and the Louisiana Attorney General.
Bossier Medical filed a peremptory exception of prescription arguing that the three-year limitation period of LSA-R.S. 9:5628, the medical malpractice prescription statute, barred Walker's claim for damages that was filed approximately twelve years after her surgery. The plaintiffs contended that their claim had not prescribed under the general prescription articles on delictual actions, which have been construed to allow prescription to run from the time of the discovery of the harm. The district court held that LSA-R.S. 9:5628 was the applicable prescriptive statute and sustained the exception.
On appeal, this court found that plaintiffs' strict liability claim was one of medical malpractice because the transfusion occurred after the 1976 amendment of LSA-R.S. 40:1299.41, the Medical Malpractice Act (MMA), which defined malpractice to include "all legal responsibility of a health care provider arising from defects in blood." Thus, we held that plaintiffs' medical malpractice action was subject to the prescriptive period of LSA-R.S. 9:5628 and affirmed the district court judgment granting the exception of prescription, but remanded for a hearing on the plaintiffs' constitutional claims. Walker v. Bossier Medical Center, 30,715 (La.App. 2d Cir.6/24/98), 714 So.2d 895.
Subsequently, in Williams v. Jackson Parish Hosp., 00-3170 (La.10/16/01), 798 So.2d 921, the supreme court overruled this court's opinion in Walker regarding the applicability of Section 5628 in defective blood cases. The supreme court found that a claim for damages caused by a transfusion of tainted blood was a strict liability claim and not one of medical malpractice subject to the prescriptive period of LSA-R.S. 9:5628. However, the supreme court later overruled its decision in *1232 Williams, supra, holding that the Section 5628 prescriptive period is applicable to a strict liability claim for damages resulting from a blood transfusion. David v. Our Lady of the Lake Hospital, Inc., 02-2675 (La.7/2/03), 849 So.2d 38.
At the hearing on remand to the district court in this case, Dr. David Dies opined that 99% of patients exposed to Hepatitis C will not experience any symptoms for a period of approximately ten years from the date of receiving a transfusion of contaminated blood. The district court, relying on Crier v. Whitecloud, 496 So.2d 305 (La.1986), found that LSA-R.S. 9:5628 did not violate the plaintiffs' constitutional rights to equal protection, due process and access to the courts. The court further found that Section 5628 is neutral on its face and provides a three-year prescriptive period for all malpractice actions arising from alleged defects in blood, regardless of whether defendant is a state or private health care provider. The court rendered judgment, sustaining the defendant's exception of prescription and dismissing plaintiffs' action. The plaintiffs appealed the judgment.
In a prior opinion, this court held that LSA-R.S. 9:5628 was an unconstitutional deprivation of due process as applied to patients, such as the plaintiff, who contract diseases with latency periods in excess of three years. Walker v. Bossier Medical Center, 38,148 (La.App. 2d Cir.5/12/04), 873 So.2d 841. Finding that this court's opinion appeared to conflict with our prior decision in Williams v. Jackson Parish Hospital, 33,847 (La.App. 2d Cir.10/20/00), 768 So.2d 866, rev'd on other grounds, 00-3170 (La.10/16/01), 798 So.2d 921, the supreme court vacated this court's judgment and remanded the case for an en banc hearing. Walker v. Bossier Medical Center, 04-1797 (La.2/25/05), 894 So.2d 1096.

DISCUSSION
The plaintiffs contend the trial court erred in finding that the three-year limitation period of LSA-R.S. 9:5628 did not discriminate against Walker because of her physical condition. Plaintiffs argue that application of the statute violates the equal protection of the laws guaranteed in La. Const. art. I, § 3 because a medical malpractice claimant, like Walker, who contracts a disease which does not manifest itself within three years of the medical procedure is barred from seeking compensation for damages.
Article I, Section 3 of the Louisiana Constitution provides that a person shall not be denied the equal protection of the laws and that no law shall arbitrarily or unreasonably discriminate against a person because of physical condition. When a statute classifies persons on the basis of physical condition, the burden is on the state or other advocate of the law to prove that the classification has a reasonable basis. However, a law which classifies individuals on a basis outside the scope of La. Const. art. I, § 3 will be upheld, unless a member of the disadvantaged class shows that the statute does not suitably further any appropriate state interest. Crier, supra; Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985).
LSA-R.S. 9:5628(A) provides as follows:
No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, *1233 or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Here, plaintiffs argue that the three-year prescriptive period is unconstitutional as applied to Walker because the statute discriminates on the basis of a physical condition by prohibiting a person who has a disease with a latency period in excess of three years from asserting a medical malpractice claim. Plaintiffs urge that the district court's reliance on the Crier decision is misplaced because the factual situation in that case differs from that of the present case.
In Crier, the physician implanted a metal rod in Crier's back in 1978 to correct scoliosis. In March 1982, she began to experience severe back pain and learned that the rod in her back had broken. Crier filed suit within one year of this discovery, but more than three years after the date of her back surgery. Although these facts are not identical to the "latent disease" category involved in the present case, the difference is not so significant as to alter the legal analysis of the issue.
Whether a claimant's delay in filing suit was due to a latent disease or because the consequences of a prior act could not be detected for an extended time period, Crier, like Walker here, could not have known of her injury before the expiration of the statutory limitation period. Nevertheless, the supreme court held that Crier's equal protection rights were not violated because LSA-R.S. 9:5628 equally affects all persons who undergo medical treatment. The court stated that Section 5628 provides notice that malpractice claims will be barred if not filed within three years from the act, omission or neglect. Crier, supra. The supreme court further stated that the statute is a legislative determination that three years is a reasonable period of time in which to assert a medical malpractice claim and does not create a classification which discriminates against one class of individuals because of their physical condition. Crier, supra.
In their brief, plaintiffs assert that claims such as theirs, involving diseases with latency periods exceeding three years, must be distinguished from the claim asserted in Crier. However, as previously stated, that factual distinction is not sufficient to avoid application of the supreme court's reasoning in Crier to the situation of the plaintiffs in the present case. Although the application of the Section 5628 limitation period may lead to a harsh result under the circumstances of this case, we are constrained to follow our supreme court's prior holding that Section 5628 does not improperly discriminate on the basis of a physical condition in violation of the equal protection clauses of the United States or Louisiana Constitutions.
Consequently, to successfully challenge the validity of Section 5628 on equal protection grounds, the plaintiffs bore the burden of proving that the statute did not further an appropriate state interest. However, the plaintiffs failed to satisfy their burden in light of prior supreme court findings that the three-year limitation period was intended by the legislature to alleviate increased insurance costs attributed to the extended period available for filing medical malpractice claims and that the statute was rationally related to the state's interest in attempting to provide the public with accessible health care at reasonable costs. Crier, supra; Trahan v. Our Lady of Lourdes Regional Medical *1234 Center, Inc., 00-1140 (La.App. 3rd Cir.1/31/01), 778 So.2d 1205.

Due Process
In their briefs to this court, the plaintiffs allege that application of the Section 5628 limitation period denied their rights to due process and access to the courts. Considering the statutory law and jurisprudence, we conclude that the application of Section 5628 did not violate the plaintiffs' due process rights.
No person shall be deprived of life, liberty or property, except by due process of law. La. Const. art. I, § 2. A statute violates due process when it does not bear a substantial relationship to an appropriate governmental objective. The test of substantive due process is whether the statute is reasonable in relation to the goal to be attained and has been adopted in the interest of the community as a whole. Everett v. Goldman, 359 So.2d 1256 (La.1978). We must consider Louisiana law to determine if plaintiffs have a property interest in bringing a cause of action that is protected under the due process clause. In order to file suit, a plaintiff must be able to state a cause of action, which arises upon the occurrence of a wrongful act and the existence of an injury resulting in damages. Crier v. Whitecloud, 496 So.2d 305 (La.1986).
In Louisiana, the law is a solemn expression of legislative will. LSA-C.C. art. 1. Statutes of limitation are exclusively a legislative prerogative. In setting a statute of limitation, a legislature does not eliminate the remedy for a civil wrong, but makes a legislative determination that after a certain period of time no cause of action can arise. Our supreme court has held that the right to recover in tort is not a fundamental right. Crier, supra.
The Louisiana Supreme Court has determined that the legislative decision to limit medical malpractice actions to those situations where the injury occurs within three years of the act, omission or neglect was substantially related to the state's legitimate objective to stabilize insurance rates and thereby provide healthcare for the public at a reasonable cost. Thus, since the plaintiffs did not file suit within the statutory time limit, they did not have a cause of action which constituted a vested property right protected by due process.
All courts shall be open and every person shall have an adequate remedy by due process of law for injury to his person or property. La. Const. art. I, § 22. Where access to the judicial process is not essential to the exercise of a fundamental constitutional right, the legislature is free to allocate access to the courts by any method which is not arbitrary. Everett, supra. The supreme court has interpreted Article I, Sec. 22 as a mandate to the judiciary of this state rather than a limitation on the legislature. Under Crier, since the plaintiffs' cause of action is not a vested property right, application of the Section 5628 limitation period does not violate their right of access to the courts.
We are not persuaded by the case from another jurisdiction cited by plaintiffs, since that decision is based on the Indiana court's interpretation of the privileges and immunities clause and the open courts clause of that state's constitution. Although application of the Section 5628 prescriptive period may not further the immediate interest of the plaintiffs in this case, the statute satisfies the due process requirement of adoption by the legislature in the perceived interest of the community as a whole.
After reviewing the statutory and case law and considering the circumstances of *1235 this case, we must conclude that the application of LSA-R.S. 9:5628 to persons who, like Walker, have diseases with latency periods exceeding three years is constitutional. Until the supreme court of this state rules otherwise or the legislature changes the statute, this law must be followed by this court. Therefore, the district court properly granted the defendant's exception of prescription. The assignments of error lack merit.

Definition of Malpractice
The plaintiffs contend the disparity between the definitions of "malpractice" in the statutes regarding state and private health care providers violates Walker's right to equal protection. Plaintiffs argue that because the language regarding liability of "health care providers for defects in blood" was deleted from the definition of malpractice in the Medical Liability for State Services Act (MLSSA), LSA-R.S. 40:1299.39, if plaintiff had received her blood transfusion at a state hospital, the prescriptive period of Section 5628 would not apply and her claim would not have been barred.
In David v. Our Lady of the Lake Hospital Inc., supra, the Louisiana Supreme Court considered the applicability of LSA-R.S. 9:5628 by looking at the clear and unambiguous language of the statute. Relevant to the concern raised by plaintiffs in their brief, the supreme court in David announced that "the application of LSA-R.S. 9:5628 to a plaintiff's claim does not depend on whether the hospital is a private hospital qualified under the MMA, a private hospital not qualified under the MMA, or a public facility. The statute states its prescriptive periods apply to claims brought against `any ... hospital.' This language is as all inclusive as the statute's provision that `[n]o action' brought against `any ... hospital' can escape the time limitations enacted by the legislature in 1975." Moreover, the supreme court stated that any potential constitutional challenge perceived with respect to the differences in the legislation for private hospitals and public institutions is averted by the applicability of LSA-R.S. 9:5628 to public and private hospitals.
Following the guidance of our supreme court and applying the plain language of the statute to the circumstances of the present case, we conclude that the prescriptive period of LSA-R.S. 9:5628 applies equally to actions for damages arising out of patient care against both state and private hospitals. Consequently, the plaintiffs' argument is without merit.

CONCLUSION
For the foregoing reasons, the district court's judgment finding that LSA-R.S. 9:5628 is constitutional as applied to the plaintiffs' claims and dismissing this action as prescribed is affirmed. Costs of this appeal are assessed to the appellants, Aiko and Paul Walker.
AFFIRMED.
GASKINS, J., concurs without reasons.
BROWN, J., dissents with written reasons.
DREW, J., dissents for the reasons assigned by Judge BROWN.
LOLLEY, J., dissents for the reasons assigned by Judge BROWN.
BROWN, C.J., Dissenting.
Fundamental unfairness is the hallmark of a due process violation. Louisiana Const. Art. I, § 22 provides that all courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury *1236 to him in his person, property, reputation, or other rights.
The policy behind a statute of limitations is to penalize one who "sleeps upon his rights." How can one slumber on a right he does not have? It is axiomatic that a statute of limitations does not begin to run against a cause of action before such a claim exists. There is a time for all things. To die you must first be born, to harvest you must first plant, to tear down you must first build and to sue you must first have a cause of action.
The receipt of defective blood through a transfusion may lead to the development of a disease such as Hepatitis C with a long latency period which cannot be diagnosed within the occurrence-oriented statute of limitations. Mrs. Walker, who suffers from an incurable, debilitating disease which was contracted through no fault of her own, is now prevented from seeking legal redress by the operation of the statutory limitation set forth in La. R.S. 9:5628. A more egregious circumstance is hard to conceive. To find La. R.S. 9:5628 constitutional as applied to people who suffer from diseases with latency periods which prohibit their manifestation and discovery until well after the three-year, occurrence-oriented period provided by Section 5628 would be to prevent a small number of the least blameworthy, yet most seriously injured claimants from having their day in court. To do so would divest such persons of their fundamental right to due process through the legal system while allowing defendant health care providers to avoid accountability and litigation. To require plaintiff to assert a claim before the alleged malpractice and resulting injury are discoverable imposes an impossible condition on her access to the courts and the pursuit of her tort remedy. This is fundamentally unfair.
The equal protection requirement is independent of and distinguishable from protections afforded by due process. Our constitution provides that no person shall be denied the equal protection of the laws and that no law should arbitrarily or unreasonably discriminate against a person because of physical condition. La. Const. Art. I, § 3. In determining whether a statute violates this constitutional provision, we must accord great deference to the legislature's balancing of competing interests. The classification is primarily a legislative question but such classification can not arbitrarily or unreasonably discriminate based on a person's physical condition. The majority states that it must "follow our supreme court's prior holding that Section 5628 does not improperly discriminate on the basis of a physical condition" and cites Crier v. Whitecloud. The court in Crier, however, specifically did not address the "latent disease" category involved in the present case and the supreme court after Crier has studiously avoided answering the question.
While the Medical Malpractice Act, including its peremptive period, is rationally related to a legitimate government interest, reasonable medical costs, and readily available health care, the statute's rote application in the case sub judice does not further such interests and ignores the rights of an entire class based on a physical condition.
For the reasons set forth in the original opinion, I respectfully dissent and would find "as applied" in this case that La. R.S. 9:5628 is unconstitutional.