709 So.2d 266 (1998)
Phyllis A. ROMAGUERA
v.
John L. OVERBY, M.D. and Strato Medical Corp.
No. 97-CA-1654.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1998.
*267 Stephanie M. Lawrence, Murray Law Firm, New Orleans, for Plaintiff/Appellant.
Deborah Cunningham Foshee, Arthur F. Hickham, Jr., Adams and Reese, New Orleans, for Defendant/Appellee.
Before SCHOTT, C.J., and LOBRANO and WALTZER, JJ.
SCHOTT, Chief Judge.
Plaintiff has appealed from a judgment dismissing her medical malpractice claim against defendant, Dr. John L. Overly, on an exception of prescription. The issues are whether defendant's conduct constituted a continuing tort so that the three year prescriptive period established by LSA-R.S. 9:5628 did not begin to run until long after the initial tort and whether this statute is unconstitutional. We affirm.
On February 6, 1991, Dr. Overby successfully performed a right radical mastectomy on Ms. Romaguera. Following the surgery, Ms. Romaguera was under the care of an oncologist, Dr. Sekar, for chemotherapy treatment. To facilitate the treatment, Dr. Sekar referred Ms. Romaguera back to Dr. Overby for the insertion of a "Port-A-Cath" catheter in Ms. Romaguera. This device would allow the chemotherapy to be injected directly into Ms. Romaguera's vein through the catheter, instead of through her skin. Dr. Overby inserted this catheter into Ms. Romaguera's left subclavian vein on March 8, 1991.
After successful chemotherapy treatment, Dr. Overby removed the catheter from Ms. Romaguera on June 28, 1991. Over the next several years Dr. Overby saw Ms. Romaguera every six months for a breast examination. Dr. Overby last saw Ms. Romaguera on March 30, 1995.
On May 19, 1995, in preparation for breast reconstructive surgery by Dr. Cynthia Glass, a pre-surgical x-ray revealed that a foreign body was lodged against Ms. Romaguera's heart wall. On May 22, 1995, Ms. Romaguera underwent a second operation to remove the foreign body. The surgery was successfully performed by Ms. Romaguera's treating cardiologist. The fragment was identified as a piece of the catheter which Dr. Overby had failed to remove.
On April 17, 1996, plaintiff filed suit against Dr. Overby for damages resulting from his failure to remove the entire catheter. In addition, she alleged that her damages resulted from his failure to realize the entire catheter had not been removed. On May 3, 1996, plaintiff filed an application for a Medical Review Panel, and defendant, Dr. Overby, filed an exception of prescription claiming the plaintiff's action had prescribed on its face. The trial court sustained defendant's exception of prescription as to all actions *268 which occurred prior to May 19, 1992, and dismissed such claims with prejudice.
A medical malpractice action must be brought within one year from the date of the alleged act, omission or neglect, or within one year from the date of the discovery of the alleged act, omission, or neglect; however, in all events such claims shall be filed within a three year period of the alleged act, omission or neglect. R.S. 9:5628. If a claim has prescribed on the face of the petition, the plaintiff bears the burden of showing why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). In the instant case, plaintiff alleges that her damages stem from defendant's failure to remove the catheter on June 28, 1991. Thus, on the face of plaintiff's petition her claim prescribed on June 28, 1994.
In an effort to overcome the three year prescription plaintiff argues that defendant's continuing failure to discover that a part of the catheter was left in plaintiff's body constituted a continuing tort until January 1995 when she last saw defendant.
In South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531, 533 (La.1982), the court explained the continuous tort doctrine to mean that when the tortious conduct and resulting damages continue, prescription does not begin to run until the conduct causing the damage is abated. In Short v. Giffin, 96-0361, 682 So.2d 249, 256 (La.App. 4 Cir. 11/22/96), writ denied, 689 So.2d 1372 (1997), this court stated, "In order to create a continuing tort, there must be continuing acts of fault coupled with continuing damage."
The record does not support the application of the doctrine to this case. Plaintiff presented no evidence that defendant knew about the faulty removal of the catheter in June 1991, or that he should have known about it. Defendant's continued treatment of plaintiff was unrelated to the removal of the catheter; it consisted of periodic breast examinations, on referral from plaintiff's treating oncologist. Plaintiff presented no evidence to show that such examinations gave rise to a duty on defendant's part to discover that a part of the catheter was still in her body since 1991.
This case is clearly distinguishable from Winder v. Avet, 613 So.2d 199 (La.App. 1 Cir.1992), writ denied, 617 So.2d 907 (1993), on which the plaintiff relies. In that case, the defendants in 1982 misdiagnosed the plaintiff with cancer and administered unneeded radiation, which caused plaintiff's death. The misdiagnosis was not discovered until 1985 but between 1982 and 1985 there was continuous contact between plaintiff and defendants as plaintiff was hospitalized thirteen times for treatment of the cancer and resultant complications and underwent numerous tests including blood tests, cell counts and biopsies. Because of the plaintiff's extensive interaction with his physician and personnel under the physician's direction the court found that this was a case of a continuing tort as in South Central Bell v. Texaco, supra.
Plaintiff also contends that the trial court erred by failing to reserve her right to contest the constitutionality of R.S. 9:5628 even though she raised this issue in her pleadings. This argument is not supported by the record. Plaintiff did not raise this issue in her petition or in any other pleading as required by Vallo v. Gayle Oil Co., Inc., 646 So.2d 859 (La.1994). She raised it only in a memorandum. In that case the court stated that the issue of a statute's unconstitutionality may not be raised in a memorandum or brief. Consequently, the issue was not properly raised in the trial court and the trial court properly ignored it.
Parenthetically we note that the Supreme Court in Whitnell v. Silverman, 95-0112 La. 12/6/96, 686 So.2d 23, held that R.S. 9:5628 is constitutional. Plaintiff's arguments that a different result should obtain in her case are not persuasive.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.