763 So.2d 808 (2000)
Linda Fay & Ralph COLLUM, Plaintiffs-Appellants,
v.
E.A. CONWAY MEDICAL CENTER, Defendant-Appellee.
No. 33,528-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*809 Richard L. Fewell, Jr., West Monroe, Counsel for Plaintiffs-Appellants.
Hudson, Potts & Bernstein by Brady D. King, II, Monroe, Counsel for Defendant-Appellee.
Before WILLIAMS, GASKINS and CRIGLER (Pro Tempore), JJ.
CRIGLER, Judge Pro Tempore.
In this medical malpractice action, the plaintiff, Linda Faye Collum, appeals from a district court judgment sustaining an exception of prescription in favor of the defendant, E.A. Conway Medical Center. For the reasons expressed herein, we affirm.

Factual Background
Mrs. Collum underwent a hysterectomy at E.A. Conway on January 29, 1986, and reported no serious complications or complaints afterward. Years later, due to complaints of urinary incontinence, she had surgery to repair her rectum and vagina, and also underwent a bladder suspension on August 19, 1993. In August 1997, she passed a great deal of blood due to bleeding in her bladder; a subsequent examination revealed that a stitch was left in her bladder during the 1993 operation. She underwent surgery to remove the stitch on February 12, 1998. She then filed a request for a Medical Review panel on May 11, 1998 alleging medical malpractice in that E.A. Conway personnel failed to reapproximate her peritoneum in the 1986 surgery and allowed a stitch to be placed through her bladder and pelvic bone in the 1993 surgery. In the subsequent lawsuit, E.A. Conway filed the instant exception of prescription. The district court, after a hearing, sustained E.A. Conway's exception and dismissed Mrs. Collum's claim. This appeal followed.

*810 Discussion

Although the burden of proving that a suit has prescribed generally rests with the party pleading prescription, when a plaintiff's petition facially shows that the prescriptive period has expired, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Wilkes v. Carroll, 30,066 (La. App.2d Cir.12/10/97), 704 So.2d 938.
In brief, both sides agree that although Mrs. Collum filed her complaint within one year of discovery of the stitch in her bladder, facially, her claim is prescribed by La.R.S. 9:5628 A, which states, in pertinent part:
A. No action for damages for injury or death against any physician ... [or] hospital duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
This prescription statute for medical malpractice claims states the general one-year period for prescription of tort claims while specifically intending "to restrict the application of the `discovery rule,' or fourth category of contra non valentem, by providing that, regardless of the date of discovery, a claim must be filed at the latest within three years of the alleged act, omission or neglect." Rajnowski v. St. Patrick's Hospital, 89-2786 (La.5/24/90), 564 So.2d 671, 674; Whitnell v. Menville, 540 So.2d 304, 309 (La.1989).
At trial, Mrs. Collum did not contest the statute's applicability, but rather argued that her claim fell under the third category of contra non valentem because her ignorance of a potential cause of action was in some way "induced" by the defendants when they allegedly neglected to inform her of their actions. This third category suspends prescription when the defendant engages in conduct which prevents the plaintiff from availing himself of judicial remedies. Whitnell, supra; Bossier v. Ramos, 29,766 (La.App.2d Cir.8/20/97), 698 So.2d 711, writ denied, 97-2583 (La.12/19/97), 706 So.2d 463; Kavanaugh v. Long, 29,380 (La.App.2d Cir.8/20/97), 698 So.2d 730, writ denied, 97-2554 (La.5/15/98), 719 So.2d 67.
The Louisiana Supreme Court, however, specifically limited application of this third category to instances where a physician's conduct rose "to the level of concealment, misrepresentation, fraud or ill practices." Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960, 963. In the instant case, Mrs. Collum does not specifically allege that the defendants' conduct rose to the level of intentional concealment, misrepresentation, fraud or ill practices but simply that her treating physicians neglected to inform her of their alleged malpractice. She also does not allege that these doctors were even aware that her peritoneum was not reapproximated or that a stitch was left in her bladder and that they withheld information in their knowledge or possession. In fact, no evidence was offered to demonstrate concealment, misrepresentation, fraud or ill practice. At best, her claims amount to nothing more than allegations of medical negligence. As such, the trial court did not err in sustaining the defendants' exception of prescription.
On appeal, for the first time, Mrs. Collum argues that the three year prescriptive period should be interrupted because the alleged malpractice falls under the "continuing tort" doctrine as recognized in South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982) and as applied to a medical malpractice case in Bellard v. Biddle, 98-1502 (La.App. 3d Cir.3/17/99), 734 So.2d 733.
In Bellard, supra, upon which Mrs. Collum relies, a surgeon negligently failed to *811 remove a retention suture and left a piece of rubber tubing inside the patient. The plaintiff did not learn of the suture being left in her until six years later during a follow-up procedure, and the Third Circuit perceived the physician's failure to look for, detect, or remove the suture during subsequent treatments as a continuing tort not unlike that presented in South Central Bell, supra. Recently, however, this court has reviewed Bellard in an analogous case, and found its reasoning unpersuasive and contrary to the explanations of the continuing tort doctrine by our supreme court. Jeter v. Shamblin, 32,618 (La.App.2d Cir. 2/1/00), 750 So.2d 521, 525. Similarly, the Fourth Circuit has rejected the continuing tort theory as a defense against the three year discovery rule of the statute. See, In re Medical Review Panel for Claim of Brown, 97-2803 (La.App. 4th Cir.7/1/98), 715 So.2d 1249, writ denied, 98-2020 (La.11/6/98), 728 So.2d 390, cert. denied, 526 U.S. 1050, 119 S.Ct. 1356, 143 L.Ed.2d 518 (1999) (surgery to remove a mass from the breast of a child resulted years later in the non-development of the breast when the child reached puberty); and Romaguera v. Overby, 97-1654 (La.App. 4th Cir.3/4/98), 709 So.2d 266 (doctor failed to fully remove a subclavian catheter used for chemotherapy). As such, we find no reason to follow the Bellard decision as suggested by Mrs. Collum; this argument has no merit.
In fact, Mrs. Collum's reliance on South Central Bell, supra, is likewise misplaced. In that case, the defendant's alleged wrongful conduct was a constant leak from gasoline tanks at a service station which led to a progressive deterioration of the plaintiff's underground telephone cables. The Louisiana Supreme Court acknowledged this as a continuing tort, stating that prescription begins to run from the cessation of the wrongful conduct that causes the damages where the cause of injury is a continuous one giving rise to successive damages. Id. Recently, however, the court has clarified this doctrine, stating that "[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." Crump v. Sabine River Authority, 98-2326 (La.6/29/99), 737 So.2d 720, 728.
In the present case, Mrs. Collum's treating physicians had not seen her for several years after the alleged malpractice; as such, there has been no continued chain of malpractice which would warrant the application of the continuing tort doctrine to this case. Her suffering, although lamentable, is simply "the continuation of the ill effects of an original, wrongful act," and a claim for such suffering is statutorily prescribed.

Conclusion
For the reasons expressed herein, the judgment of the district court is AFFIRMED. Costs are assessed to Mrs. Collum.
AFFIRMED.