874 So.2d 181 (2004)
David M. GASPARD
v.
Cecil M. GRAVES, Jr. and Debbie H. Graves.
No. 2003 CA 0844.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*182 Donald G. Cave, Baton Rouge, for Plaintiff-1st Appellant David M. Gaspard.
David M. Lefeve, Baton Rouge, for Defendants-Appellees Cecil Graves, Jr. and Debbie H. Graves.
Stephen W. Glusman, Baton Rouge, for Intervenor-2nd Appellant the Louisiana Automobile Dealers Association, SIF.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
In this case, plaintiff challenges the trial court's judgment granting summary judgment in favor of defendants and dismissing his claim for damages. For the reasons that follow, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
On May 26, 1998, plaintiff, David M. Gaspard ("Mr.Gaspard"), filed suit against defendants, Cecil M. Graves, Jr. and Debbie H. Graves, seeking damages for injuries he sustained on premises owned by defendants when he allegedly fell down a flight of stairs due to a defectively attached handrail. At the time of Mr. Gaspard's accident, defendants had leased the building in question to Cecil Graves Chevrolet, Inc. ("Graves Chevrolet"), Mr. Gaspard's employer. Mr. Gaspard asserted defendants were negligent under La. Civ.Code art. 2317.1 as the owners of a defective thing. In the alternative, he alleged defendants were guilty of negligence or fault pursuant to La. Civ.Code art. 2315. Louisiana Automobile Dealers Association, S.I.F. ("LADA") intervened, seeking reimbursement for workers' compensation benefits paid to Mr. Gaspard as a result of this accident.
In response to Mr. Gaspard's petition for damages, defendants filed a motion for summary judgment, seeking dismissal of Mr. Gaspard's claims on the ground that his sole remedy against defendants was via the Louisiana Workers' Compensation Act. In their memorandum in support of the motion for summary judgment, defendants refer to various exhibits, including affidavits of Cecil M. Graves, Jr. and Debbie H. Graves, excerpts of Mr. Gaspard's deposition, and a copy of the commercial lease between defendants and Graves Chevrolet. However, although defendants identify these exhibits as being "attached" to the memorandum for the trial court's consideration, these exhibits do not appear in the record before us nor were they introduced into evidence during the July 10, 2002 hearing on the motion for summary judgment. In a judgment rendered on January 31, 2003, and signed on February 26, 2003, the trial court granted defendants' motion for summary judgment and dismissed Mr. Gaspard's suit. It is from this judgment that Mr. Gaspard and LADA have appealed, assigning error to the trial court's finding that summary judgment was appropriate on the basis of the dual capacity doctrine.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full scale *183 trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. Exxonmobile, XXXX-XXXX, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.

DISCUSSION
According to the minutes and the transcript of the July 10, 2002 hearing on the motion for summary judgment, there was no evidence introduced into the record by either the defendants or Mr. Gaspard. Defendants, as the moving party on the motion for summary judgment, bore the burden of proving that there was no genuine issue as to material fact and that they were entitled to judgment as a matter of law. It is clear from our review of the record that defendants did not meet this burden. Thus, there remained genuine issues of material fact, and summary judgment was not appropriate.

DECREE
For the above and foregoing reasons, the judgment of the trial court granting summary judgment in favor of defendants and dismissing Mr. Gaspard's claim is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against Cecil M. Graves, Jr. and Debbie H. Graves.
REVERSED AND REMANDED.
DOWNING, J., agrees and assigns additional reasons.
McCLENDON, J., concurs.
*184 DOWNING, J. agrees and assigns additional reasons.
The question on the test was, who was Socrates? A little girl wrote, "Socrates was a wise man who went around giving other people good advice. They poisoned him."
My good advice to attorneys is to remember that exhibits attached to the memorandum, which goes to the judge, are not in evidence. The original motion for summary judgment, with attached exhibits should be filed into the record and a copy sent to the judge. The original opposing memorandum and a copy of the exhibits goes to the judge and a copy of the opposing memorandum and the original exhibits should be filed in the record.
Although, C.C.P. art. 966 refers to pleadings, depositions, etc. on file, it would help the trial court if you would both list the affidavits attached to the motion and also list in the motion the other evidence in the record upon which you rely and also attach the documents as exhibits. This would also eliminate a lot of guesswork on the part of the court of appeal because we are not always able to determine what the trial court considered in granting or denying the motion for summary judgment.
Because C.C.P. art. 966 uses the term "pleadings" many attorneys seem to think that since the petition is a pleading that they may rely upon the facts alleged in the petition to oppose the motion for summary judgment. The article technically should say, "admissible pleading." The first sentence of C.C.P. art. 967 clearly states that once a motion for summary judgment is made an adverse party may not rest upon the allegations in a pleading. The exception would be facts admitted in the petition or answer. These should be specifically pointed out and, to avoid any doubt, copied and attached to the motion or memorandum. This suggestion applies to other discovery.
"Personal knowledge," under C.C.P. art. 967 does not include hearsay. We are constantly reviewing affidavits from a supervisor who interviewed everyone and who thereafter states he has personal knowledge because of the interviews. That is hearsay and not personal knowledge. The exceptions would be the same exceptions that would apply to hearsay, for instance, if he interviewed the opposing party and the statement was an admission. You should file a motion to strike when the other party files an affidavit with hearsay.
If you have not had time for discovery, file a motion for a continuance. I would file it in the form of an affidavit. Most of the time the attorney simply states at the hearing on the motion for summary judgment that he has not had time for discovery. C.C.P. art. 967 actually states, (i)f it appears from the affidavits of a party ... the court may refuse the application... Why take a chance?
Finally, when is a partial judgment a final judgment? If it totally removes a party from the litigation, it is a final judgment. Also, if there is no just reason for delay, it is a final judgment, after an express determination by the court. What does that mean? The legislature didn't give any definitions or suggestions. The appellate courts have not given a list of just reasons or satisfactory "express determinations." I would suggest that the attorneys ask the trial court to make a finding that an appellate determination of this issue will eliminate this litigation, or is required for this litigation to proceed. But, don't just say those words, explain the why and how, otherwise you will have simply delayed the proceedings to have the court of appeal decide that the reasons were not good enough. And since there *185 are no guidelines, the probability of that happening is fairly good.
In the instant case, all of us regret not being able to decide this case because the exhibits were not in the record. However, since the court of appeal cannot take evidence there was no easy way to resolve this matter.