923 So.2d 131 (2005)
Troy KIRBY
v.
Samuel B. FIELD, M.D.[1]
No. 2004 CA 1898.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*133 Robert T. Knight, West Monroe, Counsel for Plaintiff/Appellant Troy Kirby.
Vance A. Gibbs, Randal R. Cangelosi, Tiffany C. Sues, Baton Rouge, Counsel for Defendant/Appellee Samuel E. Field, Jr., M.D.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
GAIDRY, J.
The plaintiff-appellant, Troy Kirby, appeals a judgment sustaining peremptory exceptions of no cause of action and prescription and a dilatory exception of prematurity, and dismissing his medical malpractice action. We affirm the judgment, but amend it in certain procedural respects.

FACTS AND PROCEDURAL HISTORY
Mr. Kirby was a patient of the defendant-appellee, Samuel E. Field, Jr., M.D. Dr. Field had surgically implanted a Mediport catheter in Mr. Kirby's chest to allow the administration of chemotherapy medication. In the fall of 1997, Dr. Field performed an outpatient procedure to remove the catheter.[2]
In December 2003, a chest x-ray film revealed the presence of a 5 to 6 centimeter remnant of the catheter in Mr. Kirby's right pulmonary artery.[3] By letter dated December 12, 2003, Mr. Kirby, through counsel, filed a request for a medical review panel, asserting a medical malpractice claim against Dr. Field. Mr. Kirby subsequently instituted the present civil action against Dr. Field on January 22, 2004, by filing a petition for damages.[4] In that petition, Mr. Kirby alleged that "[i]n the fall of 1998," Dr. Field failed to remove the Mediport catheter in a proper manner.
On February 10, 2004, Dr. Field filed combined dilatory and peremptory exceptions, raising the objections of prescription, prematurity, and no cause of action. *134 Copies of Mr. Kirby's patient records were attached as exhibits to the exceptions. An affidavit executed by Dr. Field was also attached as an exhibit. In his peremptory exception of prescription, Dr. Field asserted that Mr. Kirby's claim was prescribed on its face, being filed more than five years after the actual date of the alleged negligent procedure, which was performed on September 25, 1997. The exceptions were originally assigned for hearing on March 29, 2004, but the hearing was reassigned for May 17, 2004.
On April 30, 2004, Mr. Kirby filed a supplemental and amended petition, amending the date of the alleged malpractice to "the fall of 1997." He also added supplemental allegations that Dr. Field misrepresented the outpatient procedure as successful and concealed from him the fact that the catheter had not been entirely removed, and that such conduct constituted "fraud and/or ill practice."
Dr. Field did not answer the allegations of the petition, as amended, prior to the hearing on his exceptions. At the hearing, counsel for Dr. Field represented to the court that the dilatory exception of prematurity and the peremptory exception's objection of no cause of action were "behind us" (apparently resolved between the parties), leaving only the prescription issue to be determined, a statement uncontested by Mr. Kirby's counsel. No testimony or evidence was offered by either party. After reviewing the memoranda and hearing the argument of counsel, the trial court ruled in open court that the peremptory exception of no cause of action was moot by virtue of the allegations of the supplemental and amended petition and that the peremptory exception of prescription was sustained.
On May 27, 2004, the trial court signed a judgment sustaining both the dilatory exception of prematurity and the peremptory exceptions, and dismissing Mr. Kirby's cause of action with prejudice. Mr. Kirby now appeals.

ASSIGNMENTS OF ERROR
Mr. Kirby sets forth the following assignments of error on the part of the trial court:
1. The trial court erred in finding that La. R.S. 9:5628 is a statute of peremption rather than prescription.
2. The trial court erred in not carving out a "foreign body" exception to La. R.S. 9:5628.
3. The trial court erred in failing to find that the third category of contra non valentem should apply to this case.
4. The trial court erred in finding that La. R.S. 9:5628 is constitutional, in light of the decision of the second circuit court of appeal in Walker v. Bossier Medical Center, 38,148 (La.App. 2nd Cir.5/12/04), 873 So.2d 841.

ANALYSIS
At the time of the alleged malpractice, Louisiana Revised Statutes 9:5628 provided as follows:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims *135 shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Contra non valentem is a Louisiana jurisprudential doctrine under which prescription may be suspended. Carter v. Haygood, 04-0646, p. 11 (La.1/19/05), 892 So.2d 1261, 1268. There are four recognized categories of this doctrine: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. Carter, 04-0646 at pp. 11-12, 892 So.2d at 1268. The third listed category encompasses situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by some concealment or fraudulent conduct on the part of the defendant. Carter, 04-0646 at p. 12, 892 So.2d at 1269.
As correctly pointed out by Mr. Kirby, our supreme court has held that the statute's three-year limitation on actions for malpractice is a prescriptive period, not a peremptive period. Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 724 (La. 1986). However, the court has also characterized La. R.S. 9:5628 as a "tripartite prescription provision" and a "hybrid statute," incorporating a "three-year repose period," which serves to set an "outer or overall limitation" or "fixed time period" of three years, "beyond which the action is barred, regardless of subsequent discovery." In re Medical Review Panel for Claim of Moses, 00-2643, pp. 7-9 (La. 5/25/01), 788 So.2d 1173, 1178-79. Finally, the supreme court has expressly held that the language of La. R.S. 9:5628 is "clear and unambiguous." David v. Our Lady of the Lake Hospital, Inc., 02-2675, p. 10 (La.7/2/03), 849 So.2d 38, 45-6.
Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate prescription was interrupted or suspended. Moses, 00-2643 at p. 6, 788 So.2d at 1177. If the plaintiff asserts a suspension or interruption of prescription, he bears the burden of proof as to that assertion. Id., 00-2643 at p. 6, 788 So.2d at 1177-78.
At the trial of a peremptory exception of prescription, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. La. C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. Mitchell v. Terrebonne Parish School Board, 02-1021, p. 5 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 533, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135. But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law.[5]
*136 A petition must set forth the material facts of the transaction or occurrence that is the subject matter of the litigation. La. C.C.P. art. 891. For the purpose of testing the sufficiency of a pleading, allegations of time and place are material. La. C.C.P. art. 860. Further, any circumstances constituting fraud must be alleged "with particularity." La. C.C.P. art. 856.
Our review of the factual allegations of Mr. Kirby's petition reveals significant deficiency in factual particularity, particularly as to his allegations of facts purportedly constituting fraud. For example, the exact date of the outpatient procedure is not stated. Mr. Kirby also failed to allege that Dr. Field had knowledge of his failure to remove the entire length of the catheter before the purported misrepresentation of the procedure as "successful," failed to allege when and how Dr. Field acquired that knowledge, failed to allege that the misrepresentation was deliberate, and failed to allege when and how the misrepresentation was made. Further, the relevant circumstances of how Dr. Field managed to conceal his purported knowledge and to prevent Mr. Kirby from discovering the alleged malpractice, as well as his intent in doing so, are not alleged with any particularity whatsoever. Mr. Kirby's allegations of fraud or "ill practice" are therefore procedurally insufficient in these respects. See, e.g., Collum v. E.A. Conway Medical Center, 33, 528, pp. 2-3 (La.App. 2nd Cir.6/21/00), 763 So.2d 808, 811, writ denied, 00-2210 (La.10/13/00), 771 So.2d 653; Laneaux v. Theriot, 488 So.2d 1327, 1329 (La.App. 3rd Cir.1986); In re Caceres, 491 So.2d 738, 740 (La.App. 5th Cir.1986).[6] Thus, even if those allegations were technically uncontroverted (since Dr. Field did not affirmatively deny them in an answer), they cannot be accepted as true for purposes of determining the issue of prescription.[7]
In his brief in this appeal, Mr. Kirby references the affidavit of Gary Lowder, D.O., an osteopath and family practitioner. In that affidavit, Dr. Lowder states his opinions that Dr. Field committed malpractice in failing to observe that the length of the entire catheter had not been removed and that Dr. Field's purported characterization of the outpatient procedure as a "success" would be a misrepresentation, since he either knew or should have known of the catheter remnant. The affidavit was not offered into evidence, but merely attached as an exhibit to a memorandum *137 opposing the peremptory exception of prescription.
We further note that Mr. Kirby did not put forth any evidence at the hearing in support of his factual allegations of fraud and ill practice on defendant's part, let alone evidence sufficient to establish a prima facie case of such conduct for purposes of invoking the benefit of the doctrine of contra non valentem. Finally, Mr. Kirby did not allege a continuing patient-physician relationship with Dr. Field after the procedure. Thus, his allegations are likewise insufficient to invoke the "continuing treatment" rule, a variant of the third category of contra non valentem, as articulated by the supreme court in Carter v. Haygood, 04-0646, pp. 12-16 (La.1/19/05), 892 So.2d 1261, 1269-71. He similarly failed to offer any evidence of such a continuing relationship at the hearing of the exceptions. The properly-pleaded allegations of his petition alone are simply insufficient to establish the suspension or interruption of prescription under La. R.S. 9:5628.[8] Thus, the issue of prescription must be decided based upon the uncontroverted facts properly alleged in his petition, and we need not address the issue of whether the third category of contra non valentem may operate to suspend the three-year prescriptive period of repose.
In this appeal, the parties seem to concede that the alleged act of malpractice occurred on September 25, 1997.[9] At any rate, the last day of fall in 1997 was December 20, 1997.[10] Even if we generously accept the date of the alleged malpractice as the last day of fall, the malpractice claim complaint was still instituted almost six years after the date of the alleged malpractice. This is well beyond both the one-year prescriptive period and the statutory *138 three-year period of repose generally applicable to all claims of medical malpractice. Based upon the record before us, we must conclude that the malpractice claim is prescribed.
Mr. Kirby first sought to raise his challenge to the constitutionality of La. R.S. 9:5628 in a second memorandum submitted to the trial court on May 16, 2003, the day prior to the hearing. He did not set forth his challenge in any pleading, as long required by our jurisprudence. See Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865. Further, the record does not show that the attorney general was notified by certified mail of Mr. Kirby's challenge, or served with his eleventh-hour memorandum, as required by La. R.S. 13:4448. Nevertheless, as the trial court permitted argument on the issue and implicitly rejected Mr. Kirby's challenge, and the attorney general has on previous occasions been afforded the opportunity to address substantially the same issue of the constitutionality of La. R.S. 9:5628, we will not vacate its judgment and remand the case for further proceedings on the constitutional issue.[11] The issue has been extensively briefed by the opposing parties in this court, and we conclude a remand at this point would serve no useful purpose. Significantly, Mr. Kirby does not claim that he was not allowed a fair opportunity to present his constitutional challenge in the trial court.
Mr. Kirby's challenge to La. R.S. 9:5628 is limited to the claim that it is violative of his right to due process under the United States and Louisiana Constitutions. In his brief, Mr. Kirby relied upon the case of Walker v. Bossier Medical Center, 38, 148 (La.App. 2nd Cir.5/12/04), 873 So.2d 841, in which the second circuit court of appeal held that the statute was unconstitutional as violative of due process as applied to patients contracting diseases with latency periods of over three years. Any further reliance upon that opinion as authority, however, is misplaced. The opinion was vacated by the supreme court as being in conflict with a prior decision of the second circuit, and the case remanded for en banc consideration. Walker v. Bossier Medical Center, 04-1797 (La.2/25/05), 894 So.2d 1096. Sitting en banc, the second circuit held that La. R.S. 9:5628 was not violative of due process. Walker v. Bossier Medical Center, 38,148 (La.App. 2nd Cir.5/11/05), 902 So.2d 1228. We find the statute constitutional, for the same reasons expressed by the second circuit's en banc opinion and by the supreme court in Crier v. Whitecloud, 496 So.2d 305, 308-9 (La.1986).
As the trial court did in its oral reasons for judgment, we also recognize our duty to exercise judicial restraint, and respectfully decline Mr. Kirby's invitation to establish a new "foreign body" exception to the prescriptive periods of La. R.S. 9:5628. Such a policy determination is plainly the province of our legislature, as the supreme *139 court expressly recognized in Moses, supra, 00-2643 at p. 15, 788 So.2d at 1182. See also Randazzo v. State, Louisiana State University Health Sciences Center, 03-1470, pp. 7-9, 879 So.2d 741, 745-46, writ denied, 04-1503 (La.2/18/05), 894 So.2d 337; and Randazzo v. State, Louisiana State University Health Sciences Center, 04-1503, pp. 1-2 (La.2/18/05), 894 So.2d 337 (Knoll, J., concurring with reasons). If a "foreign body" exception is to be "carved out" of the corpus of the statute, the legislature must act as surgeon.
In conclusion, we find that none of Mr. Kirby's assignments of error have merit. Because Mr. Kirby did not meet his burden of proof of interruption or suspension of the prescriptive periods of La. R.S. 9:5628, and his claim on its face was instituted long after the expiration of the maximum three-year period of repose, we lay this matter to rest. In doing so, however, we exercise our authority under La. C.C.P. art. 2164 to vacate those portions of the trial court's judgment sustaining Dr. Field's dilatory exception of prematurity and his peremptory exception as to the objection of no cause of action. The transcript of the hearing shows that Dr. Field's counsel withdrew those exceptions as moot in open court, and such waiver operates as a judicial confession. Thus, the trial court should not have sustained them in its judgment.

DECREE
The judgment of the trial court sustaining the peremptory exception as to the objection of prescription and dismissing the petition of the plaintiff-appellant, Troy Kirby, is affirmed, but the judgment is amended in part to vacate that portion of the judgment sustaining the dilatory exception of prematurity and the peremptory exception as to the objection of no cause of action as moot. All costs of this appeal are assessed to the plaintiff-appellant, Troy Kirby.
AMENDED IN PART AND AFFIRMED.
CARTER, C.J., and DOWNING, J., concur with reasons.
CARTER, C.J., concurring.
Although I agree that the result in this case is legally correct, the inequity of the decision leads me to concur for the reasons set forth by Justice Knoll in Randazzo v. State, Louisiana State University Health Sciences Center, 04-1503 (La.2/18/05), 894 So.2d 337 (Knoll, J., concurring with reasons) (citations and footnote omitted):
The viability of this case hinges on prescription, which is purely a legislative prerogative. We are bound to apply the law as written by the legislature.
Statutes of limitation are exclusively a legislative prerogative. The Legislature does not eliminate the remedy of a civil wrong in setting a statute of limitation, but rather makes a legislative determination that after a certain period of time no cause of action can arise. While some state legislatures have carved out an express discovery rule exception for foreign objects, the Louisiana legislature has not done so. This case serves to demonstrate to the Legislature the harshness of not providing an exception for foreign objects, which they may want to reconsider.
DOWNING, J., concurs and assigns reasons.
I concur in the result for reasons in addition to those offered by Chief Judge Carter. La. R.S. 9:5628 A provides in pertinent part that "in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." Here, the majority points out that the last possible *140 day for the alleged act of malpractice was December 20, 1997. Kirby filed his action against Dr. Field on January 22, 2004, well beyond the three-year period of repose. Accordingly, the trial court was correct in sustaining the peremptory exception of prescription.
The primary opinion goes into a lengthy discussion of the doctrine of contra non valentem which seems misplaced in light of the three year period of repose imposed by La. R.S. 9:5628 A. As the Supreme Court explained in In re Medical Review Panel for Claim of Moses, 00-2643, p. 9 (La.5/25/01), 788 So.2d 1173, 1179, regarding the three-year period of repose, "[t]ranslated, this means that `the contra non valentem type of exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the alleged injury causing act, omission or neglect.' (Citation omitted.)" I disagree with the primary opinion to the extent that it may suggest otherwise.
In all other respects, I agree with the report, particularly the inspired inclusion of footnote 8.
NOTES
[1] The defendant's correct name is Samuel E. Field, Jr., M.D.
[2] The record does not contain competent evidence or testimony as to the actual date of the outpatient procedure at issue. However, both parties reference the date as September 25, 1997, in their appellate briefs, and neither contests the accuracy of that date.
[3] We note that the affidavit of Gary Lowder, O.D., filed in the record by Mr. Kirby, gives the date of the x-ray film as December 17, 2002, but as that affidavit may not be considered as evidence, the date alleged in the petition (December 17, 2003) must be considered for purposes of determining this appeal. See discussion, infra.
[4] The petition was filed after Mr. Kirby received a response from the Patients' Compensation Fund to his request for a medical review panel, advising him that "Samuel Blount Field, M.D." was not a qualified health care provider subject to the mandatory medical malpractice review procedure of La. R.S. 40:1299. Dr. Field was incorrectly identified in the petition as "Samuel B. Field, M.D.," a different individual. Dr. Field in fact was a qualified health care provider at the time of the alleged malpractice, and he excepted to the petition as premature on that basis. See discussion, infra.
[5] This rule is a parallel to that employed in the determination of a peremptory exception of no cause of action, where only the "well-pleaded" allegations of fact are accepted as true. Ramey v. DeCaire, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118. The adjective "well-pleaded," of course, refers to properly-pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. Allegations deficient in the factual particularity required to establish a cause of action are not "well-pleaded." See Ramey, 03-1299 at p. 8, 869 So.2d at 119.
[6] Our jurisprudence has also consistently held that "[a] petition seeking to annul a judgment on the grounds of fraud, misrepresentation, or ill practice must clearly allege facts from which such elements may be unmistakably concluded in order to state a cause of action." Household Finance Corporation of Baton Rouge v. LeJeune, 205 So.2d 771, 775 (La. App. 1st Cir.1968). (Emphasis supplied.) This rule is based upon the presumption of validity of a final judgment of a court having jurisdiction. As our jurisprudence also holds that fraud is never presumed, it would seem the same standard should apply in determining the sufficiency of allegations of fraud for purposes of La. C.C.P. art. 856.
[7] At least one case has held that even if the plaintiff's petition has alleged facts sufficient to invoke the doctrine of contra non valentem as to a facially-prescribed cause of action, the burden of proof that the cause of action has not prescribed still shifts to the plaintiff. Taussig v. Leithead, 96-960, pp. 9-12 (La.App. 3rd Cir.2/19/97), 689 So.2d 680, 685-87.
[8] Once again, we deem it appropriate to offer "good advice." See Gaspard v. Graves, 03-0844, p. 1 (La.App. 1st Cir.2/23/04), 874 So.2d 181, 184 (Downing, J., agreeing and assigning additional reasons). A hearing or trial of an exception (other than the exception of no cause of action) is just that: a trial at which competent, relevant evidence should be presented for the trier of fact's consideration. See La. C.C.P. arts. 930, 931. If hearsay affidavits are admitted into evidence without objection, they may properly be considered part of the record in an appeal from a judgment on a peremptory exception of prescription. But simply filing such affidavits in the record, or attaching them as exhibits to briefs to the trial court, does not serve to make them competent evidence for trial or appeal purposes. Mitchell, 02-1021 at p. 5, 843 So.2d at 533, citing Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991). We note that in one of Mr. Kirby's memoranda to the trial court prior to the hearing, his counsel referred to "the expected testimony at the hearing on this matter." The hearing transcript and the pertinent minute entry confirm that no testimony was taken. When the trial court specifically queried counsel as to whether certain medical facts related in argument were "in the record," he replied that those facts "were in [his] brief" and "in [the] affidavit" of Dr. Lowder. Facts asserted in briefs may not be considered by an appellate court unless they are properly part of the record on review. Vicedomini v. Pelts & Skins, 01-2268, p. 1, n. 2 (La.App. 1st Cir.2/15/02), 808 So.2d 867, 869, n. 2. The affidavits of Dr. Lowder and Dr. Field (the latter filed in the record by his counsel) were not offered or admitted into evidence at the hearing. A peremptory exception is not the procedural equivalent of a motion for summary judgment, even though either procedural vehicle may be used to determine certain issues. Thus, the mere presence of the affidavits in the record does not permit their consideration by the trial court or this court. Caveat advocatus.
[9] See n. 1, supra.
[10] We take judicial notice of the relevant date as determined by the United States Naval Observatory. U.S. Naval Observatory, Astronomical Applications Department, "Earth's Seasons, Equinoxes, Solstices, Perihelion, and Aphelion, 1992-2020," at http://aa.usno. navy. mil/data/docs/ EarthSeasons.html. See La. C.E. art. 201(B)(2), (C).
[11] Although the attorney general was not served or notified of the challenge, it has been held that he is not an indispensable party in an action challenging the constitutionality of a statute. Vallo, 94-1238 at p. 7, 646 So.2d at 864. In a declaratory judgment action assailing the constitutionality of a statute, the attorney general must be served or notified in accordance with La. R.S. 13:4448; in all other proceedings in which such a challenge is made, he should be served or notified. Id. Exercising our authority under La. C.C.P. 2164, we conclude that the interests of justice do not require a remand of this matter to the trial court. See Vallo, 94-1238 at p. 9, 646 So.2d at 866. However, a copy of this opinion was sent by certified mail to the attorney general by the clerk of this court, in the event any party seeks a rehearing, so that he may exercise his discretion to represent the state's interests in that regard. See La. R.S. 49:257(B).