STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 CA 1046

LAURIE V. MOORE

VERSUS

EDWARD J. VAUTHIER, III, AND L&E ONE, LLC
AND L&E II, LLC

JUDGMENT RENDERED: **APR 1 9 2024**

* * * * * * *

Appealed from the Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2022-12281 • Division F

The Honorable Vincent J. Lobello, Presiding Judge

* * * * * * *

| | |
|---|---|
| David M. McDonald<br>Molly M. Jones<br>John D. Perez<br>Metairie, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Laurie V. Moore |
| | |
| Richard A. Tonry, II<br>Raymond J. Brinson<br>Brian L. Glorioso<br>S. Michele Blanchard<br>Slidell, Louisiana | COUNSEL FOR APPELLEES<br>DEFENDANTS—Edward J. Vauthier,<br>III; L&E One, LLC; L&E, II, LLC;<br>and the Succession of Edward J.<br>Vauthier, Jr. |

* * * * * * *

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

**WELCH, J.**

In this quitclaim nullity action, plaintiff sought to annul two quit claims on the basis of fraud that were executed approximately nine years prior to the filing of the nullity action. Defendants filed a dilatory exception raising the objection of vagueness and a peremptory exception raising the objection of prescription, arguing that plaintiff's nullity action was prescribed under the five-year period set forth in La. C.C. art. 2032 for relative nullities. Following a hearing, the trial court sustained defendants' prescription exception and denied the vagueness exception as moot. For the reasons discussed herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Laurie V. Moore, instituted this action on May 26, 2022 to annul two quitclaims; plaintiff also filed an amended and supplemental petition. In her petitions, plaintiff named as defendants her brother, Edward Vauthier, III ("EV3"); L&E One, LLC ("L&E One"); L&E II, LLC ("L&E II"); and the Succession of Edward Vauthier, Jr. ("EVJ"). Plaintiff alleged that her father, EVJ, and her brother, EV3, created two limited liability companies, L&E One and L&E II, which plaintiff believed stood for "Laurie & Edward as One" in order to provide protection for certain income-producing property co-owned by plaintiff, her brother, and her father. Plaintiff argued that EV3 and/or EVJ conspired to deprive her of her interest in L&E One and L&E II and alleged defendants "utilized fraudulent and misleading tactics to convince [plaintiff] to sign" two quitclaim deeds on July 30, 2013, that purportedly transferred her interest in the co-owned property to L&E One and L&E II. She further alleged that she was "unaware that [L&E One] and [L&E II] were solely owned" by EVJ and EV3. Plaintiff alleged that "[f]urther perpetuating his scheme," her brother waited until after the death of their father[1] to file the quitclaims

---

[1] Plaintiff states her father passed away on January 14, 2020. EVJ's ownership in L&E One and L&E II was placed into the Succession of Edward Vauthier, Jr., which was opened on March 10, 2020.

2

into the conveyance office on March 2, 2020. Plaintiff alleged that her brother committed fraud pursuant to La. C.C. art. 1953 by using misrepresentation and suppression of the truth with the intention of obtaining an unjust advantage, entitling plaintiff to nullity of the quitclaims, any damages related to the loss of use, loss of fruits, and/or loss of the ability to make insurance claims against the property, and attorney's fees.

Defendants filed a dilatory exception raising the objection of vagueness[2] and a peremptory exception raising the objection of prescription. In their supporting memorandum, defendants argued that EVJ created the two limited liability companies on July 29, 2013, of which EVJ was the sole member and of which EVJ and EV3 were the sole managers. Also on July 29, 2013, EVJ drafted a last will and testament and left all of this property to his son, EV3, including the property at issue in the quitclaim deeds. Defendants argued that on July 30, 2013, the plaintiff, EVJ, and EV3 entered into two separate quitclaim deeds that purportedly transferred all of the parties' interest in four immovable properties to L&E One and L&E II, respectively.[3]

Defendants contended that plaintiff's action for annulment was prescribed on the face of the pleadings under the five-year period set forth in La. C.C. art. 2032 for relative nullities. Defendants argue that over eight years had passed since plaintiff signed and agreed to the quitclaim deeds—July 30, 2013—and the time she instituted her nullity action—May 26, 2022. Defendants argued that plaintiff had the burden to show that her nullity action had not prescribed.

---

[2] We pretermit any discussion of the vagueness exception, as that ruling is not at issue on appeal.

[3] Defendants stated that the first quitclaim deed transferred the parties' interest in the property Municipal No. 57458 Dunbar Drive, Slidell, Louisiana 70460 and Municipal No. 2033-35 Roosevelt Boulevard, Kenner, Louisiana 70062 to L&E One. Defendants claimed the second quitclaim deed transferred the parties' interest in the property Municipal No. 2726-28 Panama Street, Kenner, Louisiana 70062 and Municipal No. 2708-10 Huntsville Street, Kenner, Louisiana 70062 to L&E II.

Plaintiff opposed defendants' exceptions. Plaintiff stated that she was "under the impression that [L&E One] and [L&E II] would belong to" her and her brother after the death of their father based on the company's name "L&E," *i.e.*, "Laurie and Edward as One." Plaintiff contended that she "was unaware" that her father's last will and testament "would leave her out completely," which she did not discover until after EVJ's death on January 14, 2020. She further argued that EV3 did not file the quitclaim deeds into the records of the conveyance office until March 2, 2020, two months after EVJ's death. Plaintiff claimed that she did not discover the alleged fraud until after the death of her father in 2020; therefore, she argued that prescription did not begin to run until 2020. Plaintiff argued that she filed suit two years after her discovery of any alleged fraud, well within the five-year prescriptive period for relative nullities provided for in La. C.C. art. 2032.

At the hearing on defendants' exceptions, the trial court sustained defendants' exception of prescription and denied the exception of vagueness as moot. Thereafter, the trial court signed a judgment on March 29, 2023, in conformity with its oral ruling and dismissed all of plaintiff's claims against defendants with prejudice. The trial court also denied defendants' exception of vagueness as moot. Plaintiff now appeals.[4]

## PRESCRIPTION OF ACTION FOR RELATIVE NULLITY

An action for nullity alleging fraud is a relative nullity, not an absolute nullity. See **Radcliffe 10, L.L.C. v. Burger**, 2016-0768 (La. 1/25/17), 219 So.3d 296, 303 n.19; **United Most Worshipful King George's Grand Lodge A.F. & A. Masons v. Lewis**, 2021-1326 (La. App. 1 Cir. 4/8/22), 342 So.3d 36, 40. As set forth in La. C.C. art. 2032, an action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of

---

[4] Plaintiff filed a motion for devolutive appeal on May 27, 2023. The trial court signed an order of appeal on June 2, 2023, notice of which was transmitted by the Clerk of Court to the parties on June 5, 2023.

incapacity or duress, or was discovered, as in the case of error or fraud. Accordingly, plaintiffs' allegations that the two quitclaim deeds at issue are relative nullities must have been asserted within five years of the execution of the quitclaim deeds. See **Succession of Carpenter**, 2022-192 (La. App. 5 Cir. 2/1/23), 358 So.3d 874, 884.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception of prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. **Shannon v. Vannoy**, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 448. Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931; **Shannon**, 251 So.3d at 448-49. In the instant matter, no evidence was introduced at the hearing on defendants' exception. Accordingly, we accept as true the facts alleged in plaintiffs' petitions and apply the *de novo* standard to our review of the trial court's legal conclusions. **Shannon**, 251 So.3d at 449.

## LAW & DISCUSSION

In her sole assignment of error, plaintiff contends that the trial court erred when it sustained defendants' prescription exception and applied a five-year prescriptive period instead of recognizing a cause of action for breach of contract and applying a ten-year prescriptive period.[5] As noted above, in the absence of evidence, the exception of prescription must be decided upon the facts alleged in the petition, which must be accepted as true. But this principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material

---

[5] A personal action, such as a claim for a breach of contract, is a personal action subject to a liberative prescription of ten years. See La. C.C. art. 3499; **Talley v. Baum**, 2022-1329 (La. App. 1 Cir. 9/7/23), 371 So.3d 1114, 1118.

detail, conclusory factual allegations, or allegations of law.[6] **Kirby v. Field**, 2004-1898 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 2005-2467 (La. 3/24/06), 925 So.2d 1230.

Louisiana's Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations. **Greemon v. City of Bossier City**, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1268. As set forth in La. C.C.P. art. 854, "[n]o technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs." As long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence. **Greemon**, 65 So.3d at 1268. However, La. C.C.P. art. 891(A) requires that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the **material facts** of, the transaction or occurrence that is the subject matter of the litigation." **Greemon**, 65 So.3d at 1268 (Emphasis in original). Otherwise, the defendant would not have adequate notice of the allegation, nor an opportunity to counter the claim. **Stuckey v. Republic Fire & Cas. Ins. Co.**, 2019-0445 (La. App. 1 Cir. 1/9/20), 2020 WL 104382, *3 (unpublished).

After our review of plaintiffs' petitions, taking her factual allegations as true, we find that she has failed to plead facts sufficient in material detail to establish the existence of a contract. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. A contract is formed by the consent of the parties established through offer and acceptance. La.

---

[6] This rule is a parallel to that employed in the determination of a peremptory exception of no cause of action, where only the "well-pleaded" allegations of fact are accepted as true. **Kirby**, 923 So.2d at 135 n.5 (citing **Ramey v. DeCaire**, 2003-1299 (La. 3/19/04), 869 So.2d 114, 118). The adjective "well-pleaded" refers to properly-pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. Allegations deficient in the factual particularity required to establish a cause of action are not "well-pleaded." **Kirby**, 923 So.2d at 135 n.5 (citing **Ramey**, 869 So.2d at 119).

C.C. art. 1927; **Broyles v. Ducote**, 2021-0852 (La. App. 1 Cir. 6/14/22), 343 So.3d 902, 909. The four elements of a valid contract are: (1) capacity; (2) a lawful cause; (3) consent; and (4) a valid object. See La. C.C. arts. 1918, 1927, 1966, and 1971; **Broyles**, 343 So.3d at 907. Our review of the record shows that plaintiff made no factual allegations in her petitions that she entered into an oral or written contract with EV3 and/or EVJ to transfer her ownership interest in the immovable property to L&E One and L&E II in exchange for receiving a reciprocal ownership interest in L&E One and L&E II.

We further find that plaintiff has failed to plead facts sufficient in material detail to establish the existence of a breach of contract claim. The essential elements of a breach of contract claim are: (1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee. See La. C.C. art. 1994; **Denham Homes, L.L.C. v. Teche Fed. Bank**, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So.3d 108, 119. Plaintiff made no factual allegations that EV3 and/or EVJ promised to and then failed to grant her an ownership interest in L&E One and L&E II in exchange for her agreement to execute the two quitclaim deeds and transfer her ownership interest in certain immovable property to L&E One and L&E II.

The closest argument plaintiff makes regarding a breach of contract claim is in found in her opposition memorandum to defendants' exceptions. Therein, she states that she was "under the impression" that L&E One and L&E II would "belong to her and [EV3] after the death of their father based on the name L&E, [*i.e.*], 'Laurie and Edward as One.'" She argued that she "was unaware that [EVJ's] Last Will and Testament would leave her out completely," and that she didn't discover this until after her father's death on January 14, 2020. However, plaintiff cannot allege facts to support a breach of contract claim in a memorandum in opposition to an exception of prescription. A memorandum is not recognized as a pleading, and arguments and

7

allegations made in memoranda are not evidence. See La. C.C.P. arts. 852, 856, 891; **Garner v. Redwood Inv. Co.**, 2022-1049 (La. App. 1 Cir. 7/31/23), 371 So.3d 528, 533-34; **Williams v. Nelson**, 2018-207 (La. App. 5 Cir. 12/19/18), 263 So.3d 466, 476, writ denied, 2019-0092 (La. 3/18/19), 267 So.3d 92 (citing **Vallo v. Gayle Oil Co.**, 94-1238 (La. 11/30/94), 646 So.2d 859, 865). And because we find that plaintiff's allegations cannot be construed as breach of contract claims, no remand of this matter to the trial court is necessitated for the presentation of evidence. See, e.g., **Johnson v. State**, 2002-2382 (La. 5/20/03), 851 So.2d 918, 920-21; **MedImpact Healthcare Sys., Inc. v. Div. of Admin.**, 2021-1367 (La. App. 1 Cir. 6/3/22), 343 So.3d 705, 714.

Furthermore, the issue of prescription for breach of contract was raised for the first time on appeal in Ms. Moore's appellant brief in this court. In the trial court, the only prescriptive period that was argued was prescription from the date of the alleged fraud. As a general rule, appellate courts may not consider issues raised for the first time on appeal, which the trial court has not addressed. **Geiger v. State ex rel. Dep't of Health & Hosp.**, 2001-2206 (La. 4/12/02), 815 So.2d 80, 86; **Jackson v. Home Depot, Inc.**, 2004-1653 (La. App. 1 Cir. 6/10/05), 906 So.2d 721, 725.

Thus, the only issue which is properly before this court is prescription from the date of any act of alleged fraud. See **Geiger**, 815 So.2d at 87. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art. 1953. To succeed on an action for fraud against a party to a contract, three elements must be proved: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to the

contract. **Robinson v. Papania**, 2022-1010 (La. App. 1 Cir. 3/6/23), 368 So.3d 74, 80, writ denied, 2023-00488 (La. 5/23/23), 360 So.3d 1262.

Executed on July 30, 2013, the two quitclaim deeds allegedly transferred any interest in four immovable properties that plaintiff may have held to L&E One and L&E II, respectively, "for valuable consideration, receipt of which is hereby acknowledged[.]" In her petitions, plaintiff alleged that she was "unaware of what she was signing [and] unaware of the consequences[.]" However, as this court has long held, signatures to an obligation are not mere ornaments. A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained, or that he did not understand it. **Wagner v. DA Exterminating Co. of St. Tammany, Inc.**, 2020-0876 (La. App. 1 Cir. 4/16/21), 324 So.3d 105, 111.

Plaintiff made no factual allegations nor offered any evidence that her signature was forged, coerced, or obtained by fraud, that she lacked capacity, or that she was illiterate and was unable to read the quitclaim deeds. Louisiana Code of Civil Procedure article 856 sets forth that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." It is insufficient to plead merely that a defendant defrauded a plaintiff. A mere allegation of fraud, unaccompanied by factual allegations setting forth with particularity the circumstances which constitute the same, is a mere conclusion of the pleader and does not set forth a cause of action as to fraud. **Ivy Restaurant New Orleans, LLC v. Torre**, 2016-0777 (La. App. 4 Cir. 2/1/17), 211 So.3d 676, 680.

In her petitions, plaintiff argued that defendants conspired to deprive her of her interest in L&E One and L&E II and alleged defendants "utilized fraudulent and misleading tactics to convince [plaintiff] to sign" the quitclaims. She further alleged that she was "unaware that [L&E One] and [L&E II] were solely owned" by EVJ and EV3. Fraud cannot, however, be predicated on unfulfilled promises or

9

statements as to future events. See **Bass v. Coupel**, 93-1270 (La. App. 1 Cir. 6/23/95), 671 So.2d 344, 351, writ denied, 95-3094 (La. 3/15/96), 669 So.2d 426. The mere failure to do what one promises in order to induce another to sign a contract is not fraud but a mere breach of promise. **Johnson v. Unopened Succession of Alfred Covington, Jr.**, 42,488, 42,489 (La. App. 2 Cir. 10/31/07), 969 So.2d 733, 742 (Brother's failure keep his promise to redistribute to his siblings the property purchased from parents' respective estates, which provided funds to pay the estates' debts, after brother recovered his expenses was not legal fraud, and thus, did not vitiate the siblings' consent to the purchases, where brother made a promise of future action, but did not make any misrepresentation regarding facts then existing.). At best, plaintiff's allegations in this matter only show that her brother and/or father promised to perform acts in the future—grant her an ownership interest in L&E One and L&E II—and their failure to perform such acts is not legal fraud. See **Bass**, 671 So.2d at 351.

As a first-party signatory to the quitclaim deeds, plaintiff's allegations that the quitclaim deeds are relative nullities must have been asserted within five years of July 30, 2013, the date of execution of the quitclaims deeds. See La. C.C. art. 2032; **Succession of Carpenter**, 358 So.3d at 884. Because plaintiff did not institute her nullity action until May 26, 2022, her claims are prescribed. Accordingly, we find that the trial court did not err in sustaining defendants' exception of prescription.

## DECREE

We affirm the trial court's March 29, 2023 judgment. All costs of this appeal are assessed to the plaintiff-appellant, Laurie V. Moore.

**AFFIRMED.**